STEWART–WARNER CORPORATION,
Plaintiff,

v.

WESTINGHOUSE ELECTRIC CORPO-
RATION, Defendant,

and

Canadian Westinghouse Company Ltd.,
Intervenor-Defendant.

Civ. No. 9254.

United States District Court
W. D. New York.

Feb. 16, 1965.

See also D.C., 249 F.Supp. 975.

Bean, Brooks, Buckley & Bean, Buf-
falo, N. Y., Augustus G. Douvas, Chicago,
Ill. (Edwin T. Bean, Buffalo, N. Y., of
counsel), for plaintiff.

Jaeckle, Fleischmann, Kelly, Swart &
Augspurger, Buffalo, N. Y., Ralph H.
Swingle, Pittsburgh, Pa. (Charles K.
Rice, Buffalo, N. Y., of counsel), for de-
fendants.

HENDERSON, District Judge.

On May 22, 1964, the intervenor, Cana-
dian Westinghouse, filed a motion to
amend its answer to include a claim that
Reissue Patent 25,581, issued by the
Patent Office on May 19, 1964, was in-
fringed by the plaintiff, Stewart-Warner
Corporation.

Claiming that Frans Brouwer, for-
merly an employee of Canadian Westing-
house and presently an employee of Stew-
art-Warner, is a co-grantee and a co-
owner of the reissue patent and, there-
fore, an indispensable party, the plaintiff
moves to strike and dismiss the counter-
claim. The defendants deny that Frans
Brouwer has any such interest but, in
the event the court should disagree, seek
to have the portion of the action involved
transferred to the Eastern Division of
the Northern District of Illinois where
Frans Brouwer may be joined in the ac-
tion.

While employed at Canadian Westing-
house, John S. Cheverton and Frans
Brouwer jointly made an invention cov-
ered by Cheverton and Brouwer Patent
No. 2,933,612 filed in the United States
Patent Office on January 7, 1958. On
December 16, 1957, as required by their
employment contracts, Cheverton and
Brouwer had assigned their rights to the
invention to Westinghouse. That assign-
ment also was filed in the Patent Office
on January 7, 1958. Subsequently, on
October 24, 1960, Westinghouse's rights
under the assignment were assigned to
Canadian Westinghouse.

Should a patentee believe that he has
claimed less than he had a right to claim
in his patent, section 251, Title 35 U.S.C.
entitled "Reissue of Defective Patents"
permits surrender of the original patent
and reissue of the patent to embrace all
disclosures of the original patent. The
reissue patent covers the unexpired part
of the term of the original patent.

Someone connected with one or the other of the defendants apparently believed that Patent No. 2,933,612 was defective in this sense and, accordingly, an application for reissue was prepared which contained a change in one claim and added another claim. However, when it was submitted to Brouwer he refused to sign it as joint inventor or to make the required oath with respect thereto.

Consequently, as permitted by Rule 47(a) of the Rules of Practice of the United States Patent Office and section 116, Title 35 U.S.C., Cheverton executed the reissue application for himself and on behalf of Brouwer. Thereafter, a number of additional claims were added by amendment.

On May 19, 1964, the Reissue Patent 25,581 issued to Canadian Westinghouse Company Ltd. Brouwer, disputing the facts alleged by Cheverton in his application, protested and filed a petition for correction. Noting its error in issuing the reissue patent to Canadian Westinghouse, the Patent Office on October 6, 1964, filed a certificate of correction changing the grant from Canadian Westinghouse to "John S. Cheverton subject to the same rights which Frans Brouwer would have had if he had been joined, their heirs or assigns  *  *  *."

The issue, of course, is whether the circumstances surrounding the issuance of the reissue patent gave rise to an ownership interest in Brouwer which makes him an indispensable party to this suit.

The defendants, at page 20 of their main brief, indicate that the claims of the reissue patent which will be relied upon in this suit are identical to the claims appearing in the original patent. Accepting this as fact, the present issue is greatly simplified. No reason appears why rights under a reissue patent may not vary on the basis of the claims involved. Having considered the rule, statutes and assignments involved, the court holds the rights and ownership of Canadian Westinghouse in reissue claims identical to those appearing in the original patent are unimpaired by disputes relating to amended or added claims. See 35 U.S.C. § 252. The court expresses no opinion as to the necessity of joining Frans Brouwer in a suit involving amended or added claims.

The motion is denied.  So ordered.